UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KEITH L. NASH, | |
|---|---|
| Plaintiff, | No. 10-5338RJB/JRC |
| v. | ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING LEAVE TO AMEND COMPLAINT |
| BETHANY M. GRAVES, | |
| Defendant. | |

This matter comes before the Court on the August 9, 2010 Report and Recommendation of Magistrate Judge J. Richard Creatura.  Dkt. 8.  The Court has considered the Report and Recommendation of the Magistrate Judge, Plaintiff's objections to the Report and Recommendation (Dkt. 9), and the remaining record.

**PROCEDURAL AND FACTUAL HISTORY**

On May 12, 2010, Plaintiff filed an Application to Proceed *in forma pauperis* and a Proposed Civil Rights Complaint by a Prisoner Under 42 U.S.C. § 1983.  Dkt. 1.  In his proposed complaint, Plaintiff represented to the Court that he had filed four previous lawsuits in federal court while a prisoner.  Dkt. 1-2.  Plaintiff also claims that Defendant, his probation officer, "was withholding and returning legal mail which [was] sent by my Social Security Lawyers."  *Id.*  Plaintiff claims that this withholding resulted in Plaintiff not being able to "obtain relevant

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION- 1

documents from my social security attorneys" which prevented him from obtaining "information from my health care provider to timely present to a judge." *Id.*

On June 9, 2010, Magistrate Judge J. Richard Creatura ordered Plaintiff to show cause why *in forma pauperis* status should not be denied, noting eight previous cases in this district alone in which Plaintiff has proceeded *in forma pauperis* and the wide discretion of districts courts in deciding whether to grant an inmate the privilege of proceeding *in forma pauperis*. Dkt. 3.

Plaintiff filed a response to the show cause order on July 14, 2010.  Dkt. 5.  In his response, Plaintiff states that at the time he filed for *in forma pauperis* status he was confined at the Washington State Penitentiary and did not have access to records that he could have used to inform the Court as to the number of previous civil actions that Plaintiff has filed in federal court.  Dkt. 5, at 3.  Furthermore, Plaintiff argues that his current action is not solely to collaterally challenge the length of his confinement and the propriety of his parole revocation but also to challenge "the issue of withholding, opening, search and seizure of his legal mail without his appearance" and the issue of unlawfully searching his cellular phone.  Dkt. 5, at 4.

On August 9, 2010, Magistrate Judge Creatura issued his Report and Recommendation. Dkt. 8.  In his Report and Recommendation, the Magistrate Judge recommends that Plaintiff's application to proceed with his civil rights claim *in forma pauperis* be denied, based on the fact that Plaintiff has filed four cases at public expense in the past year and because his current case challenges the propriety and duration of his confinement.  *Id.*

On August 18, 2010, Plaintiff filed objections to the Report and Recommendation of the Magistrate Judge.  Dkt. 9.  In his objections, Plaintiff requests that instead of denying his

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION- 2

application to proceed *in forma pauperis*, the Court should allow Plaintiff to amend his proposed complaint to withdraw claims challenging the duration of his confinement.  Dkt. 9, at 4.

**DISCUSSION**

A district court has wide discretion in deciding whether to grant an inmate the privilege of proceeding *in forma pauperis*.  *O'Loughlin v. John Doe*, 920 F.2d 614 (9th Cir. 1990).  The Magistrate Judge recommends that Plaintiff's application to proceed *in forma pauperis* be denied because of (1) Plaintiff's prior actions in which he proceeded *in forma pauperis* and (2) the fact that Plaintiff's claims regarding the fact or duration of his confinement should not be considered under the current § 1983 complaint.  Dkt. 8.

First, the Court may consider prior filings by a Plaintiff when deciding whether to grant an application to proceed *in forma pauperis*.  *See O'Loughlin*, 920 F.2d at 617; *see also* 28 U.S.C. § 1915(g) (district courts shall deny an IFP application if a prisoner has had three or more previous complaints dismissed for frivolity, maliciousness, or failure to state a claim).  Here, Plaintiff asserts that he was without the records necessary at the time of his current application to properly document the number of previous *in forma pauperis* applications.  Dkt. 5, at 3.  As such, in the interest of fairness, Plaintiff's incomplete prior litigation history included on his May 12, 2010 application should not be grounds to deny Plaintiff *in forma pauperis* status for his current action.

Second, it remains a longstanding rule that "[l]eave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect'" in his complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), *quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).  Furthermore, the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Id.* at 1131 (quoting *Noll v. Carlson*, 809 F.2d

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION- 3

1446, 1448 (9th Cir.1987)).  Here, based on his objections to the Report and Recommendation (Dkt. 9), it appears that Plaintiff is cognizant of the problems in his complaint to the extent that his original complaint is deficient by challenging the duration and propriety of his confinement. As such, it would be improper to deny Plaintiff's application to proceed *in forma pauperis* without granting Plaintiff leave to amend his complaint by clearly setting forth the facts regarding the withholding of his mail by his probation officer used to support his denial of access to the courts claim and by removing claims challenging the fact and duration of his confinement.

Finally, Plaintiff's declaration in support of his application to proceed *in forma pauperis* (Dkt. 1) indicates that he is unable to afford to pay the filing fee at this time.  Accordingly, Plaintiff's application to proceed *in forma pauperis* should be granted.

Therefore, it is hereby **ORDERED** that:

(1)   The Court **DECLINES TO ADOPT** the Report and Recommendation (Dkt. 8);

(2)   Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 1) is **GRANTED**.

(3)   Plaintiff is **GRANTED** leave to amend his proposed complaint (Dkt. 1-2) by clearly setting forth the facts surrounding the withholding of his mail by Defendant used to support the claim of denial of access to the courts by **OCTOBER 7, 2010** or risk dismissal of his complaint.

(4)   The case is re-referred to the Magistrate Judge for further proceedings.

(5)   The Clerk is directed to send copies of this Order to plaintiff, and to the Hon. J. Richard Creatura.

DATED this 8th day of September, 2010.

_____
ROBERT J. BRYAN
United States District Judge

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION- 4